UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HARRIS ET AL., | : | CASE NO. 5:23-cv-1290 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 14, 30] |
| v. | : | |
| CITY OF AKRON, ET AL., | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this case, Plaintiffs allege constitutional violations from police and government misconduct that occurred during July 2022 Akron protests after Jayland Walker's death.[1] Twenty-four Plaintiffs bring claims after being charged with crimes for their purported participation in the protests. Plaintiffs jointly bring twelve federal and state law claims against various Defendants.

Plaintiffs sue Defendants City of Akron, Mayor Daniel Horrigan, forty named City of Akron police officers, and "John Doe Akron Police Officers 1-50" (the Akron Defendants); three University of Akron police officers (the UA Defendants); and a Summit County Sheriff's Deputy.

The Akron Defendants move the Court to sever Plaintiffs' claims as improperly joined and dismiss the claims without prejudice.[2] The UA Defendants join the motion to sever.[3]

---

[1] *See* Doc. 1.
[2] Doc. 14, PageID #: 192. Plaintiffs oppose. Doc. 10. Defendants have filed a reply. Doc. 25.
[3] Doc. 16.

Case No. 5:23-cv-1290
GWIN, J.

Plaintiffs separately move to dismiss their pendant state law claims against the UA Defendants without prejudice.[4] The UA Defendants do not oppose Plaintiffs' motion to dismiss Plaintiffs' state law claims against the UA Defendants.[5]

For the following reasons, the Court **GRANTS** Plaintiffs' motion to dismiss without prejudice their state law claims against the UA Defendants. As to the remaining claims, the Court **DENIES without prejudice to later seek severance** Defendants' motion for severance.

## I. BACKGROUND

On June 27, 2022, eight Akron police officers killed Jayland Walker, an unarmed Black man.[6] On July 3, 2022, public protests in Akron grew after police released footage of the killing.[7] With their complaint, Plaintiffs say that although all protests were peaceful, Defendant police officers used military-style equipment to block traffic and control crowds.[8] Plaintiffs say that Defendants also began using tear gas and other chemical irritants on protestors, causing chaos.[9]

At 11:46pm on July 3, 2022, Defendant Mayor Horrigan issued Executive Order #6-2022 (the Order or the "curfew").[10] The Order declared a state of emergency in Akron and imposed a curfew from 9:00pm to 6:00am the next day within a 2.5 square mile area centered on downtown Akron.[11] The Order prohibited people from being present in public spaces within those times and locations.[12]

---

[4] Doc. 30, PageID #: 284.
[5] At the November 13, 2023 Case Management Conference, the UA Defendants orally confirmed to the Court that they do not oppose Plaintiffs' motion. See Dkt., Nov. 13, 2023.
[6] Doc. 1, ¶2.
[7] *Id.*, ¶¶3, 24.
[8] *Id.*, ¶¶26-27, 245.
[9] *Id.*, ¶¶28-33, 35.
[10] *Id.*, ¶39.
[11] *Id.*, ¶40.
[12] *Id.*, ¶41. The Order excepted travel between home and work and school, individuals seeking medical treatment, those fleeing dangerous circumstances, and authorized personnel. *Id.*, ¶¶41-42.

Case No. 5:23-cv-1290
GWIN, J.

Plaintiffs say that the Order took effect at 11:59pm on July 3, 2022, thirteen minutes after it was announced.[13] Because of this, most of the public did not know of the Order.[14]

Protests continued in Akron through at least July 6, 2022.[15] The Order remained in effect, with one brief suspension, through July 11, 2022.[16]

The twenty-four Plaintiffs were all arrested while the Order was in effect, at various times and locations in Akron. Officials charged Plaintiffs with crimes relating to their purported protest activity.

Plaintiffs say that the "vastly overbroad" Order enabled Defendants to suppress speech, conduct mass arrests, and perpetuate other abuses that are the subject of Plaintiffs' claims.[17] Plaintiffs say that the Order and the procedures indicated Defendants' clear policy to silence protestors, discourage speech, and intimidate future protestors.[18]

Plaintiffs jointly bring the following claims:

(1) 42 U.S.C. § 1983 - violation of the First Amendment, against all Defendant officers;

(2) 42 U.S.C. § 1983 – excessive use of force in violation of the Fourth and Fourteenth Amendments, against all Defendant officers;

(3) 42 U.S.C. § 1983 – due process violations under the Fourteenth Amendment, against all Defendant officers;

(4) 42 U.S.C. § 1983 – false arrest and imprisonment in violation of the Fourth and Fourteenth Amendments, against all Defendant officers;

(5) 42 U.S.C. § 1983 – malicious prosecution in violation of the Fourth and Fourteenth Amendments, against all Defendant officers;

(6) 42 U.S.C. § 1983 – *Monell* claim of violations of the First, Fourth, and Fourteenth Amendments, against Defendants City of Akron, Mayor Horrigan, and Chief Mylett;

---

[13] *Id.*, ¶43.
[14] *Id.*, ¶38.
[15] *Id.*, ¶289.
[16] *Id.*, ¶286.
[17] *Id.*, ¶¶45-51.
[18] *Id.*, ¶64.

Case No. 5:23-cv-1290
GWIN, J.

> (7) 42 U.S.C. § 1983 – supervisory liability for violations of the First, Fourth, and Fourteenth Amendments, against all Defendant supervising officers;
>
> (8) Assault and battery, against all Defendant officers;
>
> (9) False arrest, against all Defendant officers;
>
> (10) Malicious prosecution, against all Defendant officers;
>
> (11) Abuse of process, against all Defendant officers; and
>
> (12) Breach of duty, against all Defendant officers.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 21, the Court may, in its discretion, drop a party that has been improperly joined in an action, and "may also sever any claim against a party." Misjoinder occurs when the parties fail to satisfy the conditions for permissive joinder under Rule 20(a).

Federal Rule of Civil Procedure 20(a)(1) allows multiple plaintiffs to be joined in one action if their claims "arise[s] out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action." "Joinder is generally favored under the federal rules,"[19] as it "promote[s] trial convenience and expedite[s] the final determination of disputes."[20]

---

[19] *Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 2d 880, 887 (S.D. Ohio 2003).
[20] *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 166 (E.D. Mich. 2012) (*quoting Mosley v. Gen Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)).

### III. ANALYSIS

#### A. Defendants' Motion to Sever

The Akron Defendants move to sever Plaintiffs' claims into twenty-four individual cases under Civil Rule 21.[21] In the alternative, they propose that the Court retain jurisdiction over Plaintiff Brandon Harris and dismiss the remaining Plaintiffs without prejudice.[22]

The Court declines to sever Plaintiffs' claims at this time. Plaintiffs are not improperly joined at this stage in the litigation.

Plaintiffs sufficiently allege that their arrests arose out of the same transaction or occurrence, that is, Defendant's Order and its implementation during the July 3 through 6, 2022, period. When defendants engage in a singular pattern of conduct against plaintiffs under a policy, it is enough to join claims, even if there are facts unique to each plaintiff.[23] And, because of the Order, there are common questions of how Defendants' policy impacted Plaintiffs' arrests, satisfying the Rule 20(a)(1) analysis's second requirement.

The case's early stage also weighs against severance. Defendants argue that Plaintiffs' claims arise out of twenty-four distinct arrests, with different facts and Defendants, warranting severance.[24] But, at this stage, there is not yet evidence as to the specifics of each Plaintiffs' arrest, including confirmed identities of all defendants involved. Further discovery may very well uncover more similarities between Plaintiffs' experiences, in addition to purported coverage by Defendants' Order.[25]

---

[21] *Id.*, PageID #: 192.
[22] *Id.* The UA Defendants join the Akron Defendants' motion, arguing that Plaintiffs' claims concerning the UA Defendants are even more factually distinct than the claims against the Akron Defendants. *See* Doc. 16.
[23] *See Walls v. Host Intern, Inc.*, 2015 WL 4644638, at *3 (N.D. Ohio, Aug. 4, 2015) (defendants' overtime policy sufficed to make joinder proper).
[24] Doc. 14, PageID #: 194.
[25] *See Hall v. Warren*, 2022 WL 2356700, at *12 (W.D.N.Y. June 30, 2022) (declining to sever in part due to case's stage in pre-discovery state).

Case No. 5:23-cv-1290
GWIN, J.

And, the discovery process will shed light on which affirmative defenses may be jointly applicable to which Defendants, especially as more John Doe defendants are identified. Before discovery is completed, any severance order would be premature until the circumstances of the arrests and Defendant City of Akron's policies and procedures are better developed.

If the evidence uncovered during discovery ultimately suggests that Plaintiffs' claims should not be joined or tried together, Defendants may later make appropriate motions for severance or separate trials.[26]

### B. Plaintiffs' Motion to Dismiss

Plaintiffs move to sever and drop their state law claims (Counts 8-12) of the Complaint against the individual UA Defendants under Rule 21.[27] The UA Defendants do not oppose Plaintiffs' motion to sever and drop the state law claims.[28]

So, the Court grants Plaintiffs' motion to sever and drop the state law claims against the UA Defendants without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to sever and dismiss without prejudice the state law claims in Counts 8 through 12 against Defendants Kabellar, Ullum, and Gilbridge, and **DENIES** Defendants' motion to sever Plaintiffs' remaining claims.

IT IS SO ORDERED.

Dated: November 16, 2023          s/    James S. Gwin
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[26] *See* Fed. R. Civ. P. 42(b); *Martinez v. Safeway Stores, Inc.*, 66 F.R.D. 446, 448 (N.D. Cal. 1975).
[27] Doc. 30.
[28] See Dkt., Nov. 11, 2023.

- 6 -