UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|  |  |  |
|---|---|---|
| MICHAEL HARRIS, ET AL., | : | CASE NO. 5:23-cv-01290 |
|  | : |  |
| Plaintiffs, | : | ORDER |
|  | : | [Resolving Docs. 17, 27]. |
| v. | : |  |
|  | : |  |
| CITY OF AKRON, ET AL., | : |  |
|  | : |  |
| Defendants. | : |  |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this police misconduct case, twenty-four Plaintiffs participated in July 2022 Akron protests after a police suspect, Jayland Walker was shot and died.  Plaintiffs allege numerous constitutional violations arising from various government officials' conduct during and after the protests.

Plaintiffs sued three University of Akron police officers, among others: Chief James Gilbride, Lieutenant Kevin Kabellar, and Officer Christina Ullum (the UA Defendants).  The UA Defendants move to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted.  With their motion, UA Defendants say that Plaintiffs have not sufficiently alleged that their 42 U.S.C. § 1983 claims are brought against the UA Defendants in their official capacities and say that Plaintiffs' § 1983 claims are barred by the Eleventh Amendment.

For the following reasons, the Court **GRANTS** the UA Defendants' motion to dismiss for failure to state a claim as to Defendant Gilbride and **DENIES** the motion as to Defendants Kabellar and Ullum.

Case No. 5:23-cv-01290
GWIN, J.

# I.  BACKGROUND

## A.  July 4, 2022 Events[1]

Plaintiffs' claims against the UA Defendants arise from a July 4, 2022 interaction between Defendants Kabellar and Ullum, and Plaintiffs Harshita Ray and Jordan Mays.[2]

On July 4, 2022, Plaintiffs Ray and Mays participated in Akron protests following Jayland Walker's death.[3]  After the protests, Ray and Mays tried to return to their car, that was parked near the University of Akron's downtown campus.[4]  Defendants Kabellar and Ullum, two University of Akron police officers, followed Plaintiffs Rays and May in a police car.[5]

Plaintiffs Ray and Mays were cutting through a parking garage when Officers Kabellar and Ullum pulled over.[6]  In pulling Ray and Mays over, Kabellar and Ullum accused Ray and Mays of trespassing in the parking garage.[7]  Officer Kabellar then grabbed Mays' arm, and the officers handcuffed Mays.[8]

Plaintiff Ray began videotaping the interaction and asked Defendants Kabellar and Ullum to stop their aggressive tactics.[9]  In response, Officer Kabellar grabbed Ray's arm and twisted it behind Ray's back, pushing Ray to the ground.[10]  Kabellar and Ullum then pressed Ray into the ground while zip-tying Ray's wrists.[11]

---

[1] The Court discusses the factual background of this case only as necessary to resolve the instant motion. The Court takes as true all well-pleaded factual allegations when deciding a Rule 12(b)(6) motion to dismiss, and nothing in this factual background section should be construed as the Court's findings of fact.
[2] Doc. 1, ¶¶252-65.
[3] *Id.,* ¶254.  Jayland Walker was a Black man who was killed by Akron police while unarmed.  *Id.,* ¶2.
[4] Doc. 1, ¶¶254-55.
[5] *Id.,* ¶255.
[6] *Id.,* ¶256.
[7] *Id.*
[8] *Id.*
[9] *Id.,* ¶257.
[10] *Id.,* ¶258.
[11] *Id.*

Case No. 5:23-cv-01290
GWIN, J.

Plaintiff Ray says that this arrest injured Ray's leg.[12]  Ray says that the officers refused Ray's request for medical attention.[13]

Plaintiffs Ray and Mays were then separately detained in police vehicles for an hour until they were released.[14]  They received written warnings for criminal trespass and charges of disorderly conduct.  Ray was also banned from the University of Akron's campus.[15] Defendant City of Akron eventually dismissed Plaintiff Mays' charges on February 8, 2023.[16] On March 23, 2023, a jury acquitted Plaintiff Ray of the charges.[17]

Plaintiffs say that Defendants Kabellar and Ullum's treatment discouraged them from participating in future protests.[18]

### B.  Procedural History

Plaintiffs initially brought five federal claims (Counts One through Five) and five state law claims (Counts Eight through Twelve) against the UA Defendants.[19]  Plaintiffs also brought one federal claim for supervisory liability (Count Seven) against Chief Gilbride.[20]

On November 6, 2023, Plaintiffs moved to dismiss the five state law claims against the UA Defendants without prejudice.[21]  The UA Defendants did not oppose Plaintiffs' motion.[22]  On November 16, 2023, the Court granted Plaintiffs' motion to dismiss the state law claims against the UA Defendants without prejudice.[23]

---

[12] *Id.,* ¶259.
[13] *Id.*
[14] *Id.,* ¶261.
[15] *Id.*
[16] *Id.,* ¶264.
[17] *Id.*
[18] *Id.,* ¶265.
[19] *See id.,* ¶¶348-96; 421-59.
[20] *Id.,* ¶¶415-20.
[21] Doc. 30; *see* Fed. R. Civ. P. 21.
[22] At the November 13, 2023 Case Management Conference, the UA Defendants orally confirmed to the Court that they did not oppose Plaintiffs' motion.  *See* Dkt., Nov. 13, 2023.
[23] Doc. 36, PageID #: 310.

Case No. 5:23-cv-01290
GWIN, J.

The following counts currently remain against the UA Defendants:

(1) 42 U.S.C. § 1983 - violation of the First Amendment, against Defendants Kabellar, Ullum, and Gilbride;

(2) 42 U.S.C. § 1983 – excessive use of force in violation of the Fourth and Fourteenth Amendments, against Defendants Kabellar, Ullum, and Gilbride

(3) 42 U.S.C. § 1983 – due process violations under the Fourteenth Amendment, against Defendants Kabellar, Ullum, and Gilbride;

(4) 42 U.S.C. § 1983 – false arrest and imprisonment in violation of the Fourth and Fourteenth Amendments, against Defendants Kabellar, Ullum, and Gilbride;

(5) 42 U.S.C. § 1983 – malicious prosecution in violation of the Fourth and Fourteenth Amendments, against Defendants Kabellar, Ullum, and Gilbride;

(7) 42 U.S.C. § 1983 – supervisory liability for violations of the First, Fourth, and Fourteenth Amendments, against Defendant Gilbride.

The UA Defendants now move to dismiss the remaining federal claims for failure to state a claim upon which relief can be granted, because the claims are barred by the Eleventh Amendment.[24]

## II.   LEGAL STANDARD

"In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[25]  The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[26]  In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations."[27]

---

[24] Doc. 17, PageID #: 213.
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[26] *Id.*
[27] *Id.*

Case No. 5:23-cv-01290
GWIN, J.

The Eleventh Amendment bars suits brought in federal court against a state, unless the state has waived its sovereign immunity, consented to the suit, or Congress has expressed an intent to abrogate statutory immunity.[28]  This Eleventh Amendment bar applies when state officials are sued in their official capacities for monetary damages.[29]

However, the Eleventh Amendment does not preclude suits for damages against state officials in their individual capacities.[30]  "Only if the purpose of the lawsuit is to coerce state action by the official sued and to impose a liability which *must* be paid from public funds does the Eleventh Amendment apply."[31]

## III.    DISCUSSION

The UA Defendants say that the remaining claims are substantively alleged against them in their official, not individual, capacities.[32]   As such, they argue that Eleventh Amendment immunity stops Plaintiffs' federal claims against them.[33]

To establish 42 U.S.C. § 1983 claims against a government official in their individual capacity, a plaintiff must allege, with particularity, that each official was personally involved in the alleged unconstitutional behavior.[34]  However, no *per se* rule requires that a § 1983 plaintiff's complaint include the language "in their individual capacity" for such claims to successfully survive a motion to dismiss.[35]

Instead, the Sixth Circuit applies a "course of proceedings test" to determine whether § 1983 defendants received fair notice of a plaintiff's intent to hold them personally liable.[36]

---

[28] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).
[29] *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (*citing id.*)
[30] *Skinner v. Govorchin*, 463 F.3d 518, 524 (6th Cir. 2006); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991).
[31] *Wilson v. Beebe*, 770 F.2d 578 (6th Cir. 1985).
[32] Doc. 17, PageID #: 231.
[33] *Id.*
[34] *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).
[35] *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001).
[36] *Id.*

Case No. 5:23-cv-01290
GWIN, J.

Under this test, courts consider several factors, including the nature of a plaintiff's claims,

any requests for damages, and the defenses raised in response to the complaint.[37]

## A. Defendants Kabellar and Ullum

Defendant Kabellar and Ullum had fair notice that Plaintiffs brought Counts One through Five against them in their individual capacities.  The Eleventh Amendment therefore does not bar Plaintiffs' federal claims against them.

First, the complaint tellingly states that the claims against Kabellar and Ullum are brought against them "in their individual capacities."[38]

Plaintiffs also seek monetary damages.  While not dispositive, this requested relief indicates that Plaintiff sued Kabellar and Ullum in their individual capacities.[39]

Additionally, Kabellar and Ullum asserted "absolute and/or qualified immunity" as an affirmative defense for § 1983 claims brought against them "in their individual capacity."[40] "The assertion of a qualified immunity defense (even a *contingent* qualified immunity defense) indicates that the defendants were aware they could be held personally liable."[41]

And, accepting the facts in the light most favorable to the Plaintiffs, Plaintiffs' allegations personally attribute Defendants Kabellar and Ullum's actions.  The complaint details how each officer allegedly violated Ray and Mays' constitutional rights during their arrest and detentions.

Plaintiffs have therefore met their burden to state a claim for which relief can be granted as to Defendants Kabellar and Ullum.

---

[37] *Id.* at 772 n.1.
[38] Doc. 1, ¶18.
[39] *See Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002).
[40] Doc. 12, PageID #: 123.
[41] *Lindsay v. Bogle*, 92 F. App'x 165, 169 (6th Cir. 2004) (*citing Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)).

Case No. 5:23-cv-01290
GWIN, J.

### B. Defendant Gilbride

Eleventh Amendment immunity aside, Plaintiffs' allegations against Chief Gilbride fail to state a claim for which relief can be granted.

#### 1. Counts One Through Five – Constitutional Violations

Defendant Gilbride, the Chief of the University of Akron police force, is mentioned by name twice in the complaint:  in the case caption, and in a paragraph identifying the parties.[42]

The complaint otherwise does not contain allegations of Gilbride's actions. Specifically, the complaint's description of the July 4, 2022 interaction between Kabellar, Ullum, Ray, and Mays does not mention Chief Gilbride.  Such a complaint "that fails to impute concrete acts to specific litigants, fails to state a plausible claim."[43]

#### 2. Count Seven – Supervisory Liability

To impose supervisory liability, "a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."[44]  Plaintiffs have not done so here.

The complaint identifies Chief Gilbride as one of the "supervising officer defendants" responsible for ordering the use of force and carrying out the City's unlawful policies.[45] Plaintiffs say that the supervising officer defendants conducted meetings, directed officers' actions towards protestors, and watched officer misconduct via video surveillance.[46]

---

[42] Doc. 1, ¶18.
[43] *Rodriguez v. Providence Comm. Corrections, Inc.*, 191 F. Supp. 3d 758, 773 (M.D. Tenn. 2016) (quotations and citations omitted).
[44] *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (quoting Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)).
[45] Doc. 1, ¶345.
[46] *Id.*

Case No. 5:23-cv-01290
GWIN, J.

These allegations, however, do not plead with specificity what unconstitutional actions Gilbride took regarding Ray or Mays, or any other Plaintiffs.  Such bare-bones allegations are insufficient to support an individual claim against Gilbride for supervisory liability of Kabellar and Ullum's unconstitutional acts.[47]

## IV.    CONCLUSION

For the following reasons, the Court **GRANTS** Defendant Gilbride's motion to dismiss for failure to state a claim.  The Court **DENIES** Defendants Kabellar and Ullum's motion to dismiss for failure to state a claim.

IT IS SO ORDERED.


Dated: January 9, 2024                                    s/      James S. Gwin
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[47] Courts in the Sixth Circuit disfavor such "group pleading" to establish 42 U.S.C. § 1983 liability.  *See Robertson v. Univ. of Akron School of Law,* Case No. 5:20-cv-1907, 2021 WL 3709915, at *6-7  (N.D. Ohio Aug 20, 2021) (gathering cases).